UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROBERT RAINEY, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. 4:05CV781 RWS |
|  | ) |  |
| UNION PACIFIC RAILROAD CO., | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## MEMORANDUM AND ORDER

This matter is before me on Plaintiff Robert Rainey's motion to remand this case to state court [#6]. Rainey is suing Defendant Union Pacific Railroad Co. ("Union Pacific") under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et. seq.* ("FELA") for personal injuries. Union Pacific removed the case on the theory that Rainey has not stated a cognizable claim under FELA. For the reasons stated below, I will grant Rainey's motion, and I will remand this case to the Circuit Court for the City of St. Louis.

*Background*

Rainey is a railroad conductor for Union Pacific. On the morning of January 12, 2005, Rainey was being transported to the rail yard by shuttle van from a Best Western hotel. En route to the rail yard, Rainey requested that the van driver stop at a grocery store so he could purchase food for his shift. While stopped, Rainey slipped and fell on the icy parking lot of the grocery store. Rainey alleges that his injuries were caused by the driver's negligence.

Rainey alleges that because the shifts are twelve hours long, it is common practice for the conductors to ask the van drivers to stop somewhere on the way to work so that they can pick up food for the shift. He further alleges that his supervisors are aware of the practice and that they

allow it.

The shuttle van was provided to Rainey by Union Pacific. Rainey alleges that Union Pacific provides accommodations for its conductors at Best Western hotels when there are layovers, and that it also provides for Best Western shuttle vans to transport its conductors to work from the hotels. The conductors are not required to stay at a Best Western hotel. But if they stay at a different hotel, they are required to pay for the lodgings themselves.

### *Standard for Remand Under FELA*

FELA suits may be brought in either state or federal court. 45 U.S.C. § 56. When a FELA suit is brought in state court, "[r]emoval to federal court by the railroad is prohibited." Lockard v. Missouri P.R. Co., 894 F.2d 299, 303 (8th Cir. 1990); 28 U.S.C. § 1445(a).

An exception to the prohibition on removal of FELA cases exists where "there [is] no basis for a [FELA] claim" and defendant can show that plaintiff's FELA claim is "merely a fraudulent device to prevent removal to the federal court." Farmers' Bank & Trust Co. v. Atchison, T. & S. F. R. Co., 25 F.2d 23, 27 (8th Cir. 1928); Boyle v. Chicago, R. I. & P. R. Co., 42 F.2d 633, 634 (8th Cir. 1930) ("Whether a case is brought under [FELA] depends upon and is governed by the allegations of the petition unless such allegations as to injury in interstate commerce are falsely and fraudulently made for the purpose of defeating removal.") (internal citation omitted).[1]

---

[1]Union Pacific argues that the courts have abandoned the approach taken by the Eighth Circuit in Farmers' Bank and Boyle "in favor of a standard only requiring the removing Defendant to demonstrate that Plaintiff has no **reasonable** probability of recovery." (Emphasis in original). Union Pacific further suggests that I should not follow Boyle because it "was decided 75 years ago." Union Pacific is mistaken.

The case Union Pacific cites in favor of the "reasonable probability" standard, Gray v. Beverly Enterprises-Mississippi, Inc., 390 F.3d 400 (5th Cir. 2004), is not a FELA case. In Gray,

*Analysis*

Union Pacific argues that Rainey has not stated a cognizable claim under FELA because he was on a "frolicking detour" and because the Best Western driver was not an agent of Union Pacific. Therefore, argues Union Pacific, Rainey's FELA claim is a fraudulent attempt to defeat federal court jurisdiction. Rainey argues that Union Pacific has not met its burden of proof of establishing that his FELA claim lacks merit. I agree with Rainey.

Several courts have held that where an employer pays a third party to transport its employees to work, the employer may be liabile under FELA for injuries sustained during the transportation. E.g., Keller v St. Louis-Southwestern Ry., 952 F. Supp. 711 (D. Kan. 1996) ( cab service provided to railroad employees was "operational activity" of railroad, and cab driver thus was agent of railroad for whose alleged negligence railroad was liable under 45 U.S.C. § 51, notwithstanding that alleged injury did not occur on railroad premises or while employee was operating railroad equipment); Penn Cent. Corp. v Checker Cab Co., 488 F. Supp. 1225 (E.D. Mich. 1980) (same). Several courts have also held that an employer-railroad can be liable for injuries sustained by employees at hotels where the employer provided the hotel accommodations. E.g., Armstrong v Burlington N. R.R., 139 F.3d 1277 (9th Cir. 1998) (railroad worker's injuries from assault by coworker occurred within course of his employment where they occurred in motel accommodations furnished by employer; although employee was not required to stay at that motel, he could stay elsewhere only at his own expense).

---

the issue before the Fifth Circuit was whether plaintiff had fraudulently joined in-state defendants to defeat federal diversity jurisdiction. The court had to determine whether plaintiffs had stated a cognizable claim of negligence under Mississippi law against the in-state defendants. Therefore, Gray is inapposite, and Union Pacific has not presented a coherent argument that Farmers' Bank and Boyle are no longer controlling law. As a result, I will follow Farmers' Bank and Boyle.

The pleaded facts in this case are similar to those in the cases cited above. Because other federal courts have recognized that a railroad may be liable under FELA under similar circumstances, Union Pacific has failed to show that there is no basis under the pleaded facts to support a FELA claim and that Rainey's pleadings are merely a fraudulent attempt to defeat federal court jurisdiction. As a result, the removal of this action was improper, and the case will be remanded to state court.

Accordingly,

**IT IS HEREBY ORDERED** that Rainey's motion to remand [#6] is **GRANTED**.

**IT IS FURTHER ORDERED, ADJUDGED and DECREED** that this case is **REMANDED** to the Circuit Court for the City of St. Louis, State of Missouri.

An appropriate Order of Remand will accompany this Memorandum and Order.

Dated this 5th Day of July, 2005.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE